UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DANIEL ANDERSON,**

          **Plaintiff,**

**v.**                                                                                      **Case No: 6:17-cv-657-Orl-40DCI**

**LYKES CARTAGE COMPANY LLC,**

          **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PARTIES' JOINT MOTION AND MEMORANDUM OF LAW FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. 23)** |
| **FILED:** | **September 20, 2017** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.    BACKGROUND.**

Daniel Anderson (Plaintiff) filed the operative complaint against Lykes Cartage Company LLC (Defendant) on May 25, 2017. Doc. 8.[1] Plaintiff alleges that he worked for Defendant, a cartage company, as a dispatcher between July 2014 and January 2016. *Id*. at ¶¶ 12-14. Plaintiff alleges that he "routinely worked in excess of forty (40) hours per week as part of his regular job duties." *Id*. at ¶ 19. Plaintiff alleges that Defendant knowingly failed to pay him overtime wages

---

[1] Plaintiff also named Lykes Cartage Company, Inc. as a defendant. Doc. 8. Plaintiff voluntarily dismissed Lykes Cartage Company, Inc. in June 2017. Doc. 16.

for all of the overtime work he performed during the relevant period. *Id*. at ¶¶ 20-24. Thus, Plaintiff asserted a single claim against Defendant for unpaid overtime wages in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207. *Id*. at 4-5.

The parties reached a settlement in September 2017. Doc. 22.

The parties filed a Joint Motion and Memorandum of Law for Approval of Settlement Agreement (Motion) and their settlement agreement (Agreement) on September 20, 2017. Docs. 23; 23-1. The Agreement provides that Plaintiff will release his claim against Defendant, in exchange for receiving $1,750.00 in unpaid overtime wages, and $1,750.00 in liquidated damages. Doc. 23-1 at 3. The Agreement also provides that Plaintiff will receive $3,500.00 in attorney fees and costs. *Id*. The parties represent that the attorney fees and costs were "negotiated separate and apart from Plaintiff's settlement and did not bear any weight on the amounts received by Plaintiff." Doc. 23 at 4. The parties maintain that the Agreement is fair and reasonable, and request that the Court grant the Motion and dismiss the Complaint with prejudice. *Id*. at 4-5.

## II.  LAW.

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[2] *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The Court, before giving its approval, must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id*. at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.

---

[2] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[3]

The Court, in addition to the foregoing factors, must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[4] The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

---

[3] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[4] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

## III. ANALYSIS.

### A. Settlement Amount.

This case involves disputed issues about whether Plaintiff was as an exempt or non-exempt employee, whether Plaintiff performed overtime work for which he was not paid, and whether Defendant knowingly violated the FLSA. Doc. 23 at 1, 3. Thus, this case involves disputed issues of coverage and liability under the FLSA, which constitutes a bona fide dispute.

The parties represent that they engaged in extensive negotiations in an effort to settle this case. *Id*. at 2. Plaintiff estimated that he is owed approximately $4,600.00 in unpaid overtime wages under the three-year statute of limitations, and approximately $2,753.48 in unpaid overtime wages under the two-year statute of limitations. *Id*. at 3. Plaintiff agreed to compromise his claim after considering the risks of proceeding to trial, including, but not limited to, the possibility of not recovering any overtime wages. *Id*.

The parties were represented by counsel throughout this case. *Id*. at 4. The parties agreed to settle the case based on the risks and costs of continued litigation. *Id*. Plaintiff agrees to release his claim against Defendant, in exchange for receiving $1,750.00 in unpaid overtime wages, and $1,750.00 in liquidated damages. Docs. 23 at 4; 23-1 at 3-4. The undersigned finds this is a fair and reasonable compromise of Plaintiff's claim given the disputed issues in the case, and the parties' desire to avoid the risks and costs of continued litigation. Accordingly, it is **RECOMMENDED** that the Court find the amount of Plaintiff's settlement to be fair and reasonable.

### B. The Release.

The Agreement contains the following release:

> <u>Release of Claims</u>. ANDERSON, on his own behalf, ANDERSON's descendants, dependents, heirs, executors,

> administrators, assigns, and successors fully, finally and forever releases and discharges LYKES CARTAGE from the Fair Labor Standards Act violations as alleged in his Complaint (Case No.: 6:17-cv-657-Orl-40DAB).

Doc. 23-1 at 3-4. The limited scope of this release allays any concern that Plaintiff may be giving up an unknown, but valuable, claim that is wholly unrelated to the wage claim at issue in this case. *See, e.g.*, *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010); *see also Bright v. Mental Health Res. Ctr., Inc.*, Case No. 3:10-cv-427-J-37TEM, 2012 WL 868804 (M.D. Fla. Mar. 14, 2012). Thus, the undersigned finds that the release does not affect the overall fairness and reasonableness of the settlement. Therefore, it is **RECOMMENDED** that the Court find the release does not affect the fairness and reasonableness of the settlement.

### C. Attorney Fees and Costs.

Plaintiff's counsel will receive a total of $3,500.00 in attorney fees and costs for representing Plaintiff in this case. Docs. 23 at 4; 23-1 at 3. The parties represent that the attorney fees and costs were "negotiated separate and apart from Plaintiff's settlement and did not bear any weight on the amounts received by Plaintiff." Doc. 23 at 4. The settlement is reasonable to the extent previously discussed, and the parties' foregoing representation adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Therefore, pursuant to *Bonetti*, it is **RECOMMENDED** that the Court find the parties agreement concerning attorney fees and costs does not affect fairness and reasonableness of the settlement

### IV. CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. 23) be **GRANTED**;

2. The Court find the Agreement (Doc. 23-1) to be a fair and reasonable settlement of

Plaintiff's FLSA claim;

3. The case be **DISMISSED with prejudice**; and

4. The Clerk be directed to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **The parties may file a notice of no objection in they have no objection to this Report and Recommendation.**

Recommended in Orlando, Florida on October 17, 2017.

_____
DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy